IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

| | | |
|---|---|---|
| RONALD E. GOVAN, | : | |
| | : | |
| Plaintiff(s), | : | |
| | : | |
| v. | : | Civil No. 09-491(RBK-JS) |
| | : | |
| UNITED STATES OF AMERICA DEPARTMENT OF VETERANS AFFAIRS, | : | |
| | : | |
| Defendant(s). | : | |

**O P I N I O N**

**THIS MATTER** comes before this court pursuant to an Order of April 19, 2010, from the United States Court of Appeals for the Third Circuit directing this Court "reconsider" the Order of United States Magistrate Judge Joel Schneider transferring this action to the Northern District of Georgia. The Third Circuit indicated "more extensive fact-finding would likely be useful" and suggested "that it may be helpful to appoint counsel to represent this pro se plaintiff in this matter."

Accordingly, this court scheduled a hearing for May 18, 2010, at 11:00 A.M., and sent notice by mail to Mr. Govan's address of record. Plaintiff didn't appear and did not return telephone calls to the phone number we had. Accordingly, the court on May 18, 2010, entered an Order to Show Cause requiring that plaintiff appear in court on June 2, 2010, at 9:30 A.M. The court sent the Order to the address on file (Voorhees, NJ) as well as a different address in Camden, NJ. The plaintiff the following day provided notification to the Clerk of the new address. Moreover,

plaintiff filed an Appeal to the United States Court of Appeals for the Third Circuit of the Order to Show Cause and moved to Stay the proceedings in this court.

The government opposed the Stay. After reviewing the matter and concluding the Order to Show Cause was not appealable, the court denied the Stay and again directed that plaintiff appear on June 2, 2010.

Plaintiff failed to appear on June 2, 2010, and has not contacted the court. This court thus is at a loss to proceed further. A review of the Amended Complaint reveals the claims: plaintiff says the defendant failed to timely diagnose his current medical conditions including diverticulitis, renal cysts, "tinintus," sliding hernia. This failure allegedly led to "untreated side effects" from the medications he was provided. He further alleges that in 2002 he was found permanently and totally disabled by the Office of Workers Compensation Programs. It seems the defendant, in addition to providing him medical treatment, was also his employer.

There were treatments outside defendant's system, specifically "Gwinnett Hospital System" and "Kennedy Health System of Stratford, N.J." He specifically alleges the negligence occurred at defendant's medical centers in Salisbury, NC, Atlanta, GA and Philadelphia, PA, though there is also reference to a "Community Based Out-Patient Center (CBOC) in Gloucester, New Jersey," It is not clear, however, what acts of alleged negligence took place at each facility. Nor is there any allegation of any negligence at the New Jersey CBOC.

Accordingly, there are many questions only the plaintiff can answer. The nature of his disability is unclear. The Amended Complaint avers he cannot drive in heavy traffic, cross bridges and/or drive through tunnels without explanation or medical support. He doesn't address whether he can board an airplane, how he managed to move his residence, or how he gets to his medical appointments.

The government raises the substantial question of plaintiff's apparent failure to file appropriate claim forms which implicates this court's subject matter jurisdiction. Plaintiff's response, if any, is unknown.

Without the plaintiff's participation, it is impossible to reconsider Judge Schneider's Order.  Clearly Judge Schneider carefully considered and weighed the available evidence.  Without plaintiff's assistance, it is impossible for this court to ascertain where Judge Schneider may have been wrong or where he abused his discretion.  This court cannot even determine whether to appoint counsel to assist him.  From his filings, he clearly has some understanding of the process and law.  But this court can't evaluate the merits of his claims without further input from him.

For whatever reason plaintiff does not want to participate in the "reconsideration."  Accordingly, this court is constrained to affirm the Order of Magistrate Judge Joel Schneider, transferring this case to the United States District Court for the Northern District of Georgia.  An appropriate Order will enter.

                 s/Robert B. Kugler
                 ROBERT B. KUGLER
                 United States District Judge

Dated:  June 7, 2010